Kathryn J. Halford (CA Bar No. 068141)
Email: khalford@wkclegal.com
Elizabeth Rosenfeld (CA Bar No. 106577)
Email: erosenfeld@wkclegal.com
**WOHLNER KAPLON CUTLER
HALFORD & ROSENFELD**
16501 Ventura Boulevard, Suite 304
Encino, CA  91436
Telephone: (818) 501-8030 ext. 331
Facsimile: (818) 501-5306

Attorneys for Plaintiffs, Board of Trustees of the
Cement Masons Southern California Health and Welfare
Fund, et al.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### Western Division

| | |
|---|---|
| BOARD OF TRUSTEES OF THE CEMENT MASONS SOUTHERN CALIFORNIA HEALTH AND WELFARE FUND; BOARD OF TRUSTEES OF THE CEMENT MASONS SOUTHERN CALIFORNIA PENSION TRUST; BOARD OF TRUSTEES OF THE CEMENT MASONS SOUTHERN CALIFORNIA INDIVIDUAL RETIREMENT ACCOUNT (DEFINED CONTRIBUTION) TRUST; BOARD OF TRUSTEES OF THE ELEVEN COUNTIES CEMENT MASONS VACATION SAVINGS PLAN; BOARD OF TRUSTEES OF THE CEMENT MASONS JOINT APPRENTICESHIP TRUST,<br><br>             Plaintiffs,<br><br>    v.<br><br>MAX OUT, INC. a Nevada corporation,<br><br>             Defendant. | CASE NO.<br><br>**COMPLAINT FOR BREACH OF CONTRACT; VIOLATION OF ERISA; SPECIFIC PERFORMANCE**<br><br>[29 U.S.C. §301(A); 29 U.S.C. §1145] |

Plaintiffs complain and allege as follows:

## JURISDICTION

1.     Jurisdiction is conferred upon this court by the Employee Income Retirement Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1001, et seq., and by Section 301(a) of the Labor-Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. §185(a).

## VENUE

2.     In accordance with ERISA § 502(e), 29 U.S.C. §1132(e), venue is appropriate in the Central District of California as the place where the Plans are administered, and where the contractual obligations alleged herein are to be performed.

## PARTIES

3.     Plaintiffs, the Board of Trustees of the Cement Masons Southern California Health and Welfare Fund, Board of Trustees of the Cement Masons Southern California Pension Trust, Board of Trustees of the Cement Masons Southern California Individual Retirement Account (Defined Contribution) Trust, Board of Trustees of the Eleven-Counties Cement Masons Vacation Savings Plan, and Board of Trustees of the Cement Masons Joint Apprenticeship Trust (herein "Plaintiffs") are each the duly selected governing bodies of their respective jointly administered Labor-Management Trust Funds that were created and are maintained pursuant to LMRA §302(c)(5), 29 U.S.C. §186(c)(5).

4.     The Cement Masons Southern California Health and Welfare Fund, Cement Masons Southern California Pension Trust, Cement Masons Southern California Individual Retirement Account (Defined Contribution) Trust, Eleven-Counties Cement Masons Vacation Savings Plan, and Cement Masons Joint Apprenticeship (collectively referred to herein as "the Plans" or "Trust Funds") are "multiemployer plans" within the meaning of ERISA §§3(37)(A) and 515, 29 U.S.C. §1002(37)(A), and 29 U.S.C. §1145.  Plaintiffs are fiduciaries with

respect to the Plans within the meaning of ERISA §21(A), 29 U.S.C. §1002(21)(A).

5.    The Plans were established pursuant to collective bargaining agreements between the Eleven Southern California Counties Cement Masons ("Union") and various employer associations representing contractors performing work in the Southern California area within the geographic jurisdiction of the Union.   The Plans are administered in the City of Arcadia, within the County of Los Angeles.

6.    Plaintiffs are informed and believe and thereon allege that defendant, Max Out, Inc. ("Defendant" and/or "Max Out") was and is a corporation organized and existing by virtue of the laws of the State of Nevada, authorized to transact and transacting business, within the County of Los Angeles, California with its principal business address in Baldwin Park, California.

7.    This complaint is prosecuted pursuant to LMRA §301(a), 29 U.S.C. §185(a), as against an employer engaged in an industry affecting commerce, and pursuant to ERISA §§502 and 515, 29 U.S.C. §§1132 and 1145, to enforce the provisions of ERISA.

## GENERAL ALLEGATIONS

8.    On or about May 6, 2016, Defendant Max Out entered into a collective bargaining agreement with the Union entitled "Memorandum Agreement" wherein Defendant agreed to be bound to the terms of a written master collective bargaining agreement, and all modifications, changes, renewal extensions or renegotiations thereof, between the Union and the various Employer Associations representing employers in the Southern California area entitled the "Master Labor Agreement between Southern California General Contractors and Eleven Southern California Counties Cement Masons" ("MLA").   Plaintiffs are informed and believe and upon that basis allege that during all times alleged herein the Memorandum Agreement has been and remains in full force and effect

and Max Out remains obligated to comply with the terms and conditions set forth in the MLA. A true and correct copy of the Memorandum Agreement and relevant provisions of the MLA are attached hereto and incorporated herein by this reference as Exhibits "1" and "2", respectively.

9. By executing the Memorandum Agreement, Max Out expressly agreed to be bound by the written terms of the Agreements and Declarations of Trust establishing the Plans ("Trust Agreements"). In accordance with the Trust Agreements, Max Out is required to submit monthly reports and make contributions to the Trust Funds at the rates specified in the MLA for each hour worked by or for each hour for which its employees performing work covered by the MLA receive pay.

10. The Trust Agreements require Max Out to report and pay contributions to the Trust Funds at their place of business in the County of Los Angeles, State of California on or before the 15th day of each successive month following the month in which hours are worked by Max Out's employees. Contributions not postmarked on or before the 25th day of each month following the month in which hours were worked are deemed delinquent.

11. The Trust Agreements provide that it would be extremely difficult, if not impracticable, to fix the actual expenses and damages to the Trust Funds that would result from the failure of a contractor to timely pay the required contributions. Therefore, the Trust Agreements provide the assessment of liquidated damages on all delinquent contributions. The Trust Agreements provide that the amount of damage to the Trust Funds resulting from the failure to pay contributions when due shall be presumed to be the sum of $25.00 or 10% of the amount of the contributions due, whichever is greater. This amount becomes due and owing as liquidated damages, and not as a penalty, on delinquent contributions, and is owed in addition to any delinquent contributions.

12.    The Trust Agreements further require the payment of interest on any unpaid contributions or liquidated damages, as a partial reimbursement of lost income and investment opportunity, at the rate of seven percent (7%) per annum, or at the legal rate per annum, whichever is greater, commencing from the due date of the contribution and continuing until the delinquent contribution is paid.

13.    The Trust Agreements require the payment of reasonable attorneys' fees and costs, including court costs, and other expenses incurred by the Trust Funds in the collection of delinquent contributions.

## FIRST CLAIM FOR RELIEF
## [BREACH OF CONTRACT - SPECIFIC PERFORMANCE]

14.    Plaintiffs hereby reallege each and every allegation contained in paragraphs 1 through 13 of this complaint, as if fully set forth herein.

15.    Plaintiffs are informed and believe and upon that basis allege that Max Out's employed persons who performed work covered by the MLA during the period of May 2016 to date and continues to employ persons for whom contributions are required to be made to the Trust Funds.

16.    Plaintiffs are informed and believe and upon that basis allege that Max Out failed to pay contributions to the Trust Funds for all hours worked or paid to employees performing work covered by the MLA during the period for which audit is demanded.  By failing to pay contributions in accordance with the terms of the MLA and Trust Agreements on or before the twenty-fifth day of the month following the month in which hours were worked, Max Out thereby breached the terms of the MLA and Trust Agreements.

17.    The MLA and Trust Agreements expressly provide that the Plaintiffs shall have the authority to audit employer's records to determine the appropriate contributions. The MLA and Trust Agreements require that upon request of Plaintiffs, Max Out shall permit the Trust Funds' auditor to review any and all employee compensation records relevant to the enforcement of the MLA upon not

1    less than five (5) working days after demand.

2         18.   Plaintiffs have determined that the following records are required for

3    audit: payroll records, including time cards or time books, individual employee

4    compensation records and payroll journals, cash disbursement records, including

5    non-payroll cash disbursements, cash disbursement journals, canceled checks and

6    check stubs, and detail back up for cash disbursements, *i.e.*, payments to sub-

7    contractors; Quarterly State Tax Returns, monthly employer reports to other

8    Trusts and general ledger solely to verify labor use and consumption, Federal

9    W-2s Forms,  Federal Forms 1099 and 1096.

10         19.   Article XXVIII of the MLA includes within the definition of

11   "delinquency" the failure to submit to an audit and/or failure to schedule an audit.

12   The Trust Agreements expressly provide that if a contractor refuses any audit

13   allowed by the Trust Agreements or by the MLA and if an action is filed to

14   compel audit, the employer shall pay any and all attorneys' fees actually incurred,

15   as well as all costs and any other relief ordered by the court.

16         20.   In accordance with the provisions of the Trust Agreements and the

17   exercise of their fiduciary duties required by federal statutory and common law,

18   Plaintiffs demanded Max Out permit an audit of its records for the period of May

19   2016 to date, in order to ascertain if Defendant has accurately reported and paid

20   contributions in accordance with the MLA and the Trust Agreements.  Max Out

21   has failed, refused, and continues in such failure and refusal to comply with

22   Plaintiffs' audit demand, and has thereby breached the MLA and Trust

23   Agreements.

24         21.   Without access to the compensation records, Plaintiffs are unable to

25   determine whether Max Out has accurately reported, and/or the amount of the

26   Defendant's delinquency because reporting is based solely on Defendant's

27   statement and the Plaintiffs have no quick, economical, or efficient way to

28   determine if the reported contributions are correct. Without access to Defendant's

records, Plaintiffs will be unable to determine whether benefits have been properly paid to Max Out employees which may subject Plaintiffs and/or Plans to penalties, suits and damages for the failure to perform their duties, the gross sum of which is incalculable, speculative, and leading to irreparable damage.

22.    As a result of Max Out's breach of the MLA and Trust Agreements, Plaintiffs have no adequate remedy at law. The exact amount of damages incurred as a result of Max Out's breach has not been determined, but Plaintiffs will seek permission of the Court to amend when the amounts are ascertained through audit.

23.    As a result of Defendant's failure to make its records available for audit, it has been necessary for the Plans to employ the law firm of Wohlner Kaplon Cutler Halford & Rosenfeld to compel audit.

24.    In accordance with the provisions of the Trust Agreements, Plaintiffs are entitled to an order requiring Max Out produce the specified records for audit by the Plaintiffs, and to judgment for the amount of reasonable attorney's fees and all costs, including audit costs, incurred in enforcing the terms of the MLA and Trust Agreements.

25.    Plaintiffs have complied with all conditions precedent, if any, to be performed under the terms of the MLA and Trust Agreements.

## FOURTH CLAIM FOR RELIEF

### (Violation of ERISA - Compel Audit)

26.    Plaintiffs hereby reallege each and every allegation contained in paragraphs 1 through 25, inclusive of this complaint as if fully set forth herein.

27.    By failing to accurately report and pay contributions to the Trusts and failing and or refusing to permit an audit by the Plans in accordance with the Provisions of the MLA and Trust Agreements, Defendant has violated ERISA §515, 29 U.S. C. §1145.

28.    In accordance with the terms of the MLA and Trust Agreements

and pursuant to ERISA §502(g)(2)(E) and 515, 29 U.S.C. § 1132(g)(2)(E) and 1145, and ERISA §502(a)(3), 29 U.S.C. §1132(a)(3), Plaintiffs are entitled to and hereby demand as appropriate equitable relief that the Court issue an order requiring Defendant to submit all reports and to make its records available for audit by the Plans for the period of May 2016 to date.

WHEREFORE, Plaintiffs demand Judgment against Max Out, Inc., a Nevada corporation, as follows:

**ON ALL CLAIMS FOR RELIEF:**

1. For an Order compelling accounting and audit whereby Defendant Max Out, Inc. shall be directed by the Court within a specified time after entry to:

A.    Make available to Plaintiffs all of the books and records of Max Out  required to determine the appropriate contributions to the Trust Funds including but not limited to payroll records including time cards or time books, individual employee compensation records and payroll journals, cash disbursement records, including non-payroll cash disbursements, cash disbursement journals, canceled checks and check stubs, and detail back up for cash disbursements, i.e., payments to sub-contractors; Quarterly State Tax Returns, monthly employer reports to other Trusts and General Ledger solely to verify labor use and consumption, Federal W-2s Forms,  Federal Forms 1099 and 1096 and such other records as may be necessary in the opinion of the Plaintiffs' auditor for the period of May 2016 to date.

B.    Afford to the Plans both ample time and opportunity to examine all of Max Out's materials specified above, without harassment, at such time and at such place as shall be convenient to the authorized representative of Plaintiffs.

2.    That in the event Max Out cannot produce all of the records required to be examined, the Court enter an Order Compelling Record Reconstruction

8

where Max Out shall be directed by the Court within a specified time after the entry thereof, to:

A. Apply to the Federal and State agencies with which Max Out previously filed periodic reports pertaining to employees for copies of Max Out's reports to them for all of the periods for which Max Out cannot produce records; and

B. Subsequently make available to the Plaintiffs all such copies of Max Out's periodic reports to the Federal and State agencies under the conditions set forth in 2(B) above;

3. For auditors' fees:

4. For reasonable attorneys' fees incurred in prosecuting this action;

5. For costs of suit; and

6. For such other legal or equitable relief under ERISA §502(g)(2)(E), 29 U.S.C. §1132(g)(2)(E).

DATED: November 9, 2018

Kathryn J. Halford
Elizabeth Rosenfeld
WOHLNER KAPLON CUTLER
HALFORD & ROSENFELD

BY: /s/ Kathryn J. Halford
Kathryn J. Halford
Attorneys for Plaintiffs
Board of Trustees of the Cement
Masons Southern California Health
and Welfare Fund, Board of Trustees
of the Cement Masons Southern
California Pension Trust, Board of
Trustees of the Eleven Counties
Cement Masons Vacation Savings
Plan, Board of Trustees of the Cement
Masons Joint Apprenticeship Trust,
and Board of Trustees of the Cement
Masons Southern California
Individual Retirement Account
Defined Contribution Trust