Kathryn J. Halford (CA Bar No. 068141)
Email: khalford@wkclegal.com
Elizabeth Rosenfeld (CA Bar No. 106577)
Email: erosenfeld@wkclegal.com
Lauren E. Schmidt (CA Bar No. 321435)
Email: lschmidt@wkclegal.com
**WOHLNER KAPLON CUTLER
HALFORD & ROSENFELD**
16501 Ventura Boulevard, Suite 304
Encino, CA  91436
Telephone: (818) 501-8030 ext. 305
Facsimile: (818) 501-5306

Attorneys for Plaintiffs, Board of Trustees of
the Cement Masons Southern California Health
and Welfare Fund, et al.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### Western Division

| | |
|---|---|
| BOARD OF TRUSTEES OF THE CEMENT MASONS SOUTHERN CALIFORNIA HEALTH AND WELFARE FUND; BOARD OF TRUSTEES OF THE CEMENT MASONS SOUTHERN CALIFORNIA PENSION TRUST; BOARD OF TRUSTEES OF THE CEMENT MASONS SOUTHERN CALIFORNIA INDIVIDUAL RETIREMENT ACCOUNT (DEFINED CONTRIBUTION) TRUST; BOARD OF TRUSTEES OF THE ELEVEN-COUNTIES CEMENT MASONS VACATION SAVINGS PLAN; BOARD OF TRUSTEES OF THE CEMENT MASONS JOINT APPRENTICESHIP TRUST, <br><br> Plaintiffs, <br><br> vs. <br><br> MAX OUT, INC., a Nevada corporation, <br><br> Defendant. | **CASE NO. 2:18-cv-09534-JAK-E** <br><br> The Hon. John A. Kronstadt <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR ISSUANCE OF ORDER TO SHOW CAUSE RE CONTEMPT FOR FAILURE TO COMPLY WITH JUDGMENT** <br><br> [Fed.R.Civ.P. 70, 71] <br><br> **DATE:**     **October 7, 2019** <br> **TIME:**     **8:30 A.M.** <br> **CTRM:**     **10B, 10th Floor** |

Plaintiffs, the Board of Trustees of the Cement Masons Southern California Health and Welfare Fund, Board of Trustees of the Cement Masons Southern California Pension Trust, Board of Trustees of the Cement Masons Southern California Individual Retirement Account (Defined Contribution) Trust, Board of Trustees of the Eleven-Counties Cement Masons Vacation Savings Plan, and Board of Trustees of the Cement Masons Joint Apprenticeship Trust Fund, submit this Memorandum of Points and Authorities in support of their Motion for Issuance of an Order to Show Cause Re Contempt for Failure to Comply with this Court's May 2, 2019 Order for an Accounting ("Order for an Accounting").

## I.   PROCEDURAL HISTORY

On May 6, 2016, Max Out, Inc., a Nevada corporation ("Max Out" or "Defendant") entered into a Memorandum Agreement with the Cement Masons Local Unions ("Memorandum Agreement"), by which Max Out agreed to be bound by the terms and conditions of the Master Labor Agreement negotiated between the Eleven Southern California Counties Cement Masons (the "Union") and the employers, various Southern California General Contractors. [Dkt. 1, p. 3, ¶ 8; Dkt. 1-1]. The Master Labor Agreement is hereinafter referred to as the "MLA." [Dkt. 1-2]. As a party to the Memorandum Agreement, Max Out expressly agreed to be bound by the written terms of the Agreements and Declarations of Trust establishing the Plans (the "Trust Agreements") and to make contributions to the Trusts in accordance with the provisions of the MLA and the Trust Agreements. [Dkt. 1, p. 4, ¶ 9]. Specifically, the MLA and the Trust Agreements require Max Out to produce records for audit by Plaintiffs without limitation. [Dkt. 1, pp. 5-6, ¶ 17; Dkt. 13 (13-5, 13-6, 13-7, 13-8, 13-9)].

Plaintiffs filed the Complaint in this matter on November 9, 2018. [Dkt. 1]. Upon Max Out's failure to answer or otherwise appear in this action, the Clerk entered default against Max Out on January 18, 2019. [Dkt. 11]. Max Out was served with notice of this Court's May 2, 2019 Order Re Plaintiffs' Motion for Entry of

1    Default Judgment [Dkt. 18] and the Order for an Accounting [Dkt. 19] via personal
2    service on May 7, 2019. [Dkt. 20; Declaration of Lauren E. Schmidt ("Schmidt
3    Decl."), p. 3, ¶ 5]. In late May/early June 2019, both Mr. Jolly and Ms. Schmidt
4    spoke with Max Out's Agent and Principal Officer, Roderick Delton Edison, Sr.
5    ("Edison"). [Dkt. 21, p. 2]. Edison indicated that he would provide the records to the
6    Trust Funds by June 12, 2019. [*Id*.] To date, Max Out has failed to comply with the
7    Order for an Accounting.  [Jolly Decl., p. 3, ¶ 5; Schmidt Decl., p. 3, ¶ 5].

8         Plaintiffs are informed and believe and thereupon allege that the categories of
9    records required for audit are required to be maintained, and are maintained, by Max
10   Out in the regular course of business, and that it is appropriate for this Court to issue
11   an order to Show Cause upon Max Out and Edison as to why the records specified
12   in the Order for an Accounting have not been immediately made available for audit
13   by Plaintiffs. [Schmidt Decl., pp. 3-4, ¶¶ 8-10]. Without access to the records,
14   Plaintiffs, as plan fiduciaries, are unable to determine the accuracy of Max Out's
15   reporting of hours worked or paid to each employee performing work covered by
16   the MLA, as necessary to determine benefits in accordance with Section 107 of the
17   Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1027.
18   Moreover, Plaintiffs are unable to verify that all hours have been reported for
19   employees who may have performed work covered by the MLA but who may not
20   have been reported to the Plaintiffs by Max Out.

21   **II.    ARGUMENT**

22        **A.    A Finding of Civil Contempt is Appropriate When a**
23        **Defendant, After Notice, Violates an Order of the Court.**

24        Civil contempt occurs when a party fails to comply with a court order after
25   having notice of the order and is designed to enforce compliance with a court order.
26   *See General Signal Corp. v. Donallco, Inc*. 787 F.2d 1376, 1379 (9th Cir. 1986);
27   *U.S. v. Rylander*, 714 F.2d 996, 1001 (9th Cir. 1983), *cert. denied* 467 U.S. 1029
28

(1984). On May 2, 2019, this Court issued the Order for an Accounting, by which it ordered Max Out:

1.      Within fourteen (14) days of the order to:

A.      Make available to the Plaintiffs all of the books and records of Max Out required to determine the amounts of the contractually required contributions to the Trust Funds during the relevant time period. These records include, but are not limited to, the following: payroll records, including time cards or time books, individual employee compensation records, and payroll journals; cash disbursement records (i.e., payments to sub-contractors); Quarterly State Tax Returns; monthly employer reports to other Trusts; general ledgers; Federal W-2 Forms, 1099 Forms, and 1096 Forms, and; such other records as may be necessary, in the option of Plaintiffs' auditor, for the period of May 2016 to date.

B.      Allow the Plans and their authorized representatives reasonably sufficient time to examine these materials without interference and at such time and at such place as shall be mutually convenient to the authorized representatives of the Plaintiffs.

2.      In the event that Max Out cannot produce all of the records required to be examined, Max Out must reconstruct its records by:

A.      Applying to the Federal and State agencies with which Max Out previously filed periodic reports pertaining to employees for copies of Max Out's reports to the for all of the periods for which Defendant cannot produce records; and

B.      Subsequently making available to the Plaintiffs all such copies of Max Out's periodic reports to the Federal and State agencies under the conditions set forth in 1(B) above.

Plaintiffs served notice of the Order for an Accounting upon Max Out on May 7, 2019, along with this Court's May 2, 2019 Order Re Plaintiffs' Motion for Entry of Default Judgment. [Dkt. 20]. The Order for an Accounting gave Defendant fourteen (14) days to comply. [Dkt. 19]. Despite evidence of Defendant's having

received the notice, Max Out failed to comply with the Order for an Accounting and has therefore violated this Court's judgment. [Dkt. 19; Dkt. 20; Jolly Decl. p. 3, ¶ 5; Schmidt Decl., p. 3, ¶ 5].

Furthermore, the records that this Court ordered Max Out to make available to Plaintiffs for examination are records that are required to be maintained by Max Out in the ordinary course of business as a contractor actively doing business in the State of California. [Schmidt Decl., pp. 3-4, ¶¶ 8-9; Ex. 3]. Plaintiffs request that this Court take judicial notice of the fact that Max Out is currently listed as an active, foreign with the California Secretary of State, and as a licensed, active contractor with the California Contractors State License Board. [Schmidt Decl. pp. 3-4, ¶¶ 8-9; Ex. 3; Ex. 4].

## B. Federal District Courts Have Authority to Enforce Compliance With Their Orders Through Both Civil and Criminal Contempt.

District Courts have the power to punish disobedience to court orders by both civil and criminal contempt. *See United States v. Rose,* 806 F.2d 931, 933 (9th Cir. 1986). Civil contempt is designed to induce compliance with a court order and is, therefore, appropriate in the instant case. *See U.S. v. Rylander*, 714 F.2d at 1001.

## C. Corporate Officers May Be Held in Contempt for Violating an Order Directed Against a Corporation.

Federal Rule of Civil Procedure Rules 70 and 71 provide for the enforcement of judgments against non-parties in limited circumstances. Rule 71 "was intended to assure that process be made available to enforce court orders in favor of and against persons who are properly affected by them, even if they are not parties to the action." *See Westlake N. Property Owners Ass'n v. Thousand Oaks*, 915 F.2d 1301, 1304 (9th Cir. 1990). Officers of a corporation who have full knowledge of a court's order may also be held liable for civil contempt. *See Peterson v. Highland Music, Inc.,* 140 F.3d 1313, 1323-24 (9th Cir. 1998).

Edison, as President of Max Out, executed the Memorandum Agreement, which obligated Max Out to make contributions to the Trust Funds and bound Defendant to the MLA and the Trust Agreements; both the MLA and the Trust Agreements require Defendant to make its records available for examination by Plaintiffs. [Jolly Decl., p. 2, ¶ 3; Dkt. 1, pp. 4-6, ¶¶ 9, 17]. Edison is listed as "President" of Max Out on the Memorandum Agreement, as "Responsible Managing Officer" on the Contractors State License Board website, and as the sole officer and shareholder in documents filed with the California Secretary of State. [Jolly Decl., p. 2, ¶ 1; Schmidt Decl. ¶ pp. 3-4, ¶¶ 8-9]. Plaintiffs request that this Court take judicial notice of the fact that Edison, an individual, has status as the Principal Officer and Agent of Max Out. Accordingly, Plaintiffs request that this Court issue an Order, ordering Edison to show cause as to why he should not be held in contempt for failing and refusing to obey the Order for an Accounting.

**D.    The Court Should Award Attorneys' Fees and Costs Incurred by Plaintiffs in Enforcing the Judgment.**

As a result of Defendant's and Edison's refusal to comply with the Order for an Accounting, Plaintiffs have incurred additional attorneys' fees and costs. [Schmidt Decl, pp. 4-5, ¶¶ 11-13]. Payment of attorneys' fees and costs incurred are provided for by the Trust Agreements, which require payment of reasonable attorneys' fees and costs, including court costs and other expenses incurred, if action is filed to compel an employer to submit to an audit. [Dkt. 1, p. 5, ¶ 13]. Therefore, an award of additional attorneys' fees and costs is appropriate.

## III.    CONCLUSION

Based on the foregoing and the Declarations of Michael Jolly and Lauren E. Schmidt and exhibits submitted herewith, Plaintiffs respectfully request that this Court order Defendant Max Out, Inc., a Nevada corporation, and its Agent and Principal Officer, Roderick Delton Edison, Sr., to show cause as to why they should

1   not be adjudged in civil contempt for failing and refusing to obey this Court's May

2   2, 2019 Order for an Accounting.

3

4   DATED: June 27, 2019          Kathryn J. Halford, Esq.

5                                 Elizabeth Rosenfeld, Esq.
                                  Lauren E. Schmidt, Esq.
6                                 **WOHLNER KAPLON CUTLER**

7                                 **HALFORD & ROSENFELD**

8

9                        By:      _/s/Lauren E. Schmidt_____

10                                Lauren E. Schmidt
                                  Attorneys for Plaintiffs
11                                Board of Trustees of the Cement Masons
                                  Southern California Health and Welfare
12                                Fund, et al.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28