**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BOARD OF TRUSTEES OF THE CEMENT MASONS SOUTHERN CALIFORNIA HEALTH AND WELFARE FUND; BOARD OF TRUSTEES OF THE CEMENT MASONS SOUTHERN CALIFORNIA PENSION TRUST; BOARD OF TRUSTEES OF THE CEMENT MASONS SOUTHERN CALIFORNIA INDIVIDUAL RETIREMENT ACCOUNT (DEFINED CONTRIBUTION) TRUST; BOARD OF TRUSTEES OF THE ELEVEN COUNTIES CEMENT MASONS VACATION SAVINGS PLAN; BOARD OF TRUSTEES OF THE CEMENT MASONS JOINT APPRENTICESHIP TRUST,<br><br>Plaintiffs,<br><br>v.<br><br>MAX OUT, INC., a Nevada corporation,<br><br>Defendant. | **CASE NO. 2:18-cv-09534-JAK-E**<br><br>**ORDER RE CONTEMPT** |

On August 14, 2019, an Order to Show Cause re: Contempt ("OSC") (Dkt. 27) issued that required Defendant, Max Out, Inc. ("Max Out"), and Roderick Delton Edison ("Edison"), an agent and principal officer of Max Out, to show cause why either or both should not be held in contempt for failing to comply with the May 2, 2019 Order that required an accounting. Dkt. 19. Max Out and Edison were required to respond to the OSC on or before August 26, 2019. Dkt. 27. The OSC also required that Max Out and Edison collectively pay $4,570.00 in attorney's fees and $167.50 in costs to Plaintiffs. These amounts were based on the fees and costs incurred in connection with the Plaintiff's application for the OSC. *Id.* Plaintiffs served Max Out and Edison with the OSC. *See* Dkt. 28. Neither Max Out nor Edison filed any response.

Based on a review of the Order for an Accounting (Dkt. 19), the Declaration of Michael Jolly (Dkt. 23-2), the declaration of Lauren Schmidt (Dkt. 23-3), the OSC (Dkt. 27), and Plaintiffs' Memorandum (Dkt. 31), there is sufficient good cause to find Defendant Max Out, Inc. and Roderick Delton Edison in civil contempt for the failure of each to comply with the Order for an Accounting (Dkt. 19) or to provide any basis to justify their non-compliance.

As noted, a valid Order for an Accounting was entered on May 2, 2019. Dkt. 19. The Order for an Accounting is specific and definite. It ordered that, within 14 days of its entry, Max Out, was to do all of the following:

> Make available to the Plaintiffs all of the books and records of Max Out required to determine the amounts of the contractually required contributions to the Trust Funds during the relevant time period. These records include, but are not limited to the following: payroll records, including time cards or time books, individual employee compensation records, and payroll journals; cash disbursement records, including non-payroll cash disbursements, cash

> disbursement journals, canceled checks, check stubs, and detailed back-ups for cash disbursements (i.e., payments to sub-contractors); Quarterly State Tax Returns; monthly employer reports to other Trusts; general ledgers; Federal W-2 Forms, 1099 Forms and 1096 Forms, and; such other records as may be necessary in the opinion of the Plaintiffs' auditor for the period of May 2016 to date.
>
> Allow the Plans and their authorized representatives reasonably sufficient time to examine these materials without interference and at such time and at such place as shall be mutually convenient to the authorized representatives of the Plaintiffs.

Dkt. 19 at 2.

The May 2, 2019 Order also provided that, in the event that "Max Out cannot produce all the records that the Plaintiffs require to conduct their examination," then "Max Out shall participate in record reconstruction . . . ." *Id.* The terms of that portion of the Order are as follows:

> Within a reasonable time, not to exceed 30 days, Max Out shall apply to the Federal and State agencies with which Max Out previously filed periodic reports pertaining to employees for copies of such reports filed for all the periods for which Max Out cannot produce records to the Plaintiffs; and
>
> Max Out shall make available to the Plaintiffs all records received from such Federal and State agencies within fourteen (14) days of receipt, under the conditions set forth in (1)(B) above.

Dkt. 19 at 2-3.

Edison is the sole shareholder and a principal officer of Max Out. In records filed with the California Secretary of State, he is identified as the Chief Executive Officer, Secretary and Chief Financial Officer for Max Out and the Qualifying Individual of Max Out. Dkts. 23-6, 23-7. Edison executed the collective bargaining and Trust Agreements pursuant to which Max Out was required to report hours and pay fringe benefit contributions to Plaintiffs. Dkt. 1-1 at 3. Edison is also the registered agent for service of process for Max Out, and was the person served on behalf of Max Out with the Order for an Accounting. *See* Dkt. 20.

District courts have "wide latitude in determining whether there has been a contemptuous defiance of its order." *Gifford v. Heckler*, 741 F.2d 263, 266 (9th Cir. 1984); *see also Stone v. City and County of San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992). The moving party has the burden of showing by "clear and convincing evidence" that the non-moving party violated a "specific and definite order of the court." *Stone*, 968 F.2d at 856 n.9. If the moving party makes such a showing, the burden shifts to each non-moving party to demonstrate that it "took every reasonable step to comply" with the order. *Id.*

Plaintiffs have presented clear and convincing evidence that Edison and Max Out were served with, but failed to comply with, the Order for an Accounting. Dkt. 23-2 ¶¶ 4-5; Dkt. 23-3 ¶¶ 5-8. Plaintiffs have also met their burden of demonstrating by clear and convincing evidence that Edison and Max Out violated a specific and definite court order. To defeat a request for a finding of civil contempt, Edison and Max Out have the burden to show that they took every reasonable step to comply with the Order for an Accounting, or to provide a detailed explanation as to why each could not reasonably comply with the relevant terms of that Order.

Neither Edison nor Max Out has met this burden. Both were served with the Order for an Accounting (Dkt. 20), the OSC (Dkt. 28), and the Proposed

Order re: Contempt and Plaintiffs' Memorandum of Points and Authorities in Support of its Proposed Order re: Contempt (Dkt. 32). Max Out and Edison failed to any response or opposition to the Motion for Issuance of Order to Show Cause (Dkt. 23), the OSC (Dkt. 27), and the Proposed Order re: Contempt (Dkt. 30). Therefore, neither Edison nor Max Out has shown that either took reasonable steps to comply with the Order for an Accounting (Dkt. 19).

In light of the foregoing, a finding of civil contempt against Max Out and Edison is warranted, and a daily fine of $250 for each is appropriate. The daily fine as to each of Edison and Max Out will continue until such time as each complies with the Order for an Accounting or provides sufficient evidence to show that it cannot reasonably do so.

A natural person who is found in civil contempt can also be detained as an incentive to cause compliance with the corresponding court order, with the detention to end if there is such compliance. *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 828 (1994). Incarceration is deemed a measure of last resort to cause compliance with the Order for an Accounting. Therefore, no order of detention is issued at this time. However, this issue may be revisited based on the record as to compliance and/or reasonable ability to do so, that is developed as this matter proceeds.

For the foregoing reasons, it is hereby ordered as follows:

1. Max Out and Edison are found to be in civil contempt for violating the Order for an Accounting (Dkt. 19).
2. Beginning on the date of personal service of this Order Re: Contempt on each of Max Out and Edison, a daily fine of $250 shall be imposed on each. The purpose of the fine is to cause Max Out and Edison to comply with the Order for an Accounting (Dkt. 19). The daily fine will continue until there is compliance with the Order, or a

sufficient showing as to why such compliance cannot be reasonably achieved by either or both Max Out and Edison.

3. Max Out and Edison shall appear on December 9, 2019 in Courtroom 10B of the Federal Courthouse, 350 W. 1st Street, Los Angeles, CA, to present evidence of compliance and/or as to why such compliance cannot reasonably be achieved. On or before December 3, 2019, Max Out and Edison each shall file a declaration and any supporting evidence as to these issues. Based on the evidence presented at the hearing, whether a writ of bodily attachment of Edison shall issue will be determined.

4. Plaintiffs shall personally serve this Order on Max Out and Roderick Delton Edison on or before October 16, 2019.

5. The parties shall file a joint report on the status of the proceedings every 10 days until the hearing, with the first report to be filed 10 days from the date this order is issued. If Defendant does not participate in the preparation of a joint report, then Plaintiff shall file a unilateral report.

**IT IS SO ORDERED.**

Dated: October 7, 2019

_____
John A. Kronstadt
United States District Judge